**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

HECTOR WALDO SOSA LOPEZ,

　　　　Petitioner,

　v.

MERRICK B. GARLAND, Attorney
General,

　　　　Respondent.

No. 23-1285

Agency No.
A206-677-221

MEMORANDUM*

---

HECTOR WALDO SOSA LOPEZ,

　　　　Petitioner,

　v.

MERRICK B. GARLAND, Attorney
General,

　　　　Respondent.

No. 23-2047

Agency No.
A206-677-221

---

On Petition for Review of an Order of the
Department of Homeland Security and Petition for Review of the Immigration
Judge's Order In Reasonable Fear Case Proceedings

---

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted August 16, 2024[]
Pasadena, California

Before: BADE and FORREST, Circuit Judges, and CURIEL, District Judge.[***]

Petitioner Hector Waldo Sosa Lopez (Sosa), a native and citizen of El Salvador, seeks review of a Final Administrative Review Order issued by the Department of Homeland Security (DHS) and of an Immigration Judge's (IJ) Order in Reasonable Fear Case Proceedings. We have jurisdiction under 8 U.S.C. §§ 1228 and 1252, and we deny the petition.

1.  ***Removabilty Finding.*** Sosa is removable because he was convicted of an aggravated felony crime of violence, which limits our jurisdiction to only questions of law and constitutional claims related to DHS's final order. *See* 8 U.S.C. § 1252(a)(2)(D); *Tapia Coria v. Garland*, 96 F.4th 1192, 1197–98 (9th Cir. 2024); *see also Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227, 229–30 (2020) (questions of law include the application of a legal standard to undisputed facts). And we do not even reach the merits of Sosa's arguments because under 8 U.S.C. § 1252(d)(1) he must first exhaust the administrative remedies that are available to him as a matter of right. *Santos-Zacaria v. Garland*, 598 U.S. 411, 424 (2023). Sosa could have, as

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

a matter of right, contested the allegations supporting his removal proceedings—a domestic violence with injury conviction under California Penal Code § 273.5(a) for which he was sentenced 365 days in jail—or sought withholding of removal, but he did neither. 8 C.F.R. § 238.1(c); *see also Ross v. Blake* 578 U.S. 632, 639 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion."). Where the government has argued that Sosa failed to satisfy 8 U.S.C. § 1252(d)(1), we reject Sosa's challenge for lack of exhaustion. *See Santos-Zacaria*, 598 U.S. at 423.

2.    ***Negative Reasonable-Fear Finding.*** We review an IJ's negative reasonable-fear finding for substantial evidence and reverse only if the record compels a contrary result. 8 U.S.C. § 1252(b)(4)(B); *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). Sosa cannot show a connection between the harm he fears in El Salvador and a protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017) (explaining that withholding of removal applicants must show that a protected ground will be "a reason" for their past or future persecution). Instead, the record establishes that rival gang members and police targeted Sosa due to his affiliation with the 18th Street gang. Gang membership does not constitute a protected group.[1] *See, e.g.*, *Arteaga v. Mukasey*, 511 F.3d 940, 945–46 (9th Cir.

---

[1] Sosa forfeited his claim that he was persecuted because the Salvadoran government perceived him as holding a pro-gang political opinion by raising it for

2007). Accordingly, substantial evidence supports the IJ's negative reasonable-fear determination, and the record does not compel a contrary conclusion. 8 U.S.C. § 1231(b)(3)(A).

Similarly, the record does not compel us to conclude that Sosa faces torture by or with the acquiescence of a government official if he returns to El Salvador. Sosa testified that when he was attacked by rival gang members, the police arrested his attackers and they were jailed. Moreover, a decade has passed since the incident. Therefore, the IJ reasonably concluded that Sosa's fears of retaliation by the rival gang members with the acquiescence of a government official are speculative. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021). Additionally, substantial evidence supports the IJ's conclusion that Sosa's fears that the government will jail or torture him because of his tattoos are unfounded. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam) (concluding that "[a]lthough gang membership is illegal under Salvadoran law" that fact alone does "not establish that the government tortures former gang members or those with gang-related tattoos"). Therefore, we affirm the IJ's negative reasonable-fear finding.

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

---

the first time on appeal. *See Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019) (per curiam).

23-1285

**PETITION DENIED.**